IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BP PRODUCTS NORTH AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. C2 03-409 |
| | : | |
| WATERLOO COAL CO., INC., *et al.* | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| | : | Magistrate Judge King |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff, BP Products of North America ("Plaintiff" or "BP"), moves for summary judgment on its breach of contract claims, or, alternatively, on its unjust enrichment claims. For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion on its breach of contract claims.

**II. STATEMENT OF FACTS**

**A. Background**

Defendant Waterloo Coal Company ("Waterloo") is an Ohio corporation with its principal place of business in Oak Hill, Ohio. Waterloo is a producer of coal and limestone in southern Ohio, and began doing business with BP in July, 1987. Defendant Davis Trucking Company, Inc. ("Davis"), is also an Ohio corporation with its principal place of business in Ohio. Waterloo and Davis (collectively, "Defendants") are related corporate entities, and Davis provides Waterloo with hauling services as well as limited contract trucking. Davis began doing business with BP in October of 1989.

Plaintiff, BP, is a wholly owned subsidiary of BP America, Inc., and is registered to do business in Ohio as a foreign corporation. BP delivered diesel fuel to Waterloo for use in Waterloo's coal and limestone operations from May 2002 through August 2002, and Waterloo accepted delivery of the fuel. BP invoiced Waterloo in the amount of $893,724.39 for the value of that received diesel fuel. Waterloo has failed to make any payment on that invoice; thus, $893,724.39 remains due from Waterloo to BP.

During the same time period, BP also delivered diesel fuel to Davis for use in its trucking operations. BP made its deliveries on a Consumer Marketers account, from May 2002 through June 2002, and on a Commercial account from June 2002 through August 2002. Davis accepted delivery of the fuel, and BP invoiced Davis $40,606.79 for the diesel fuel deliveries on the Davis Consumer Marketers Account and $261,540.20 for the Davis Commercial Account. Davis has failed to make any payment on the delivered fuel and currently owed BP $302,146.99 – the total value of the fuel it received.

**B. Procedural History**

On May 19, 2003, Plaintiff filed an amended complaint (the "Complaint") for payment of accounts receivable, asserting six counts against Defendants: (1) that Waterloo had breached its Agreement with BP failing to make payment on its $893,724.39 obligation to BP; (2) that Waterloo was unjustly enriched in the amount of $893,724.39 by failing to pay BP under the terms of the parties' Agreement; (3) that Waterloo unlawfully refused to pay the $893,724.38 remaining due on its "book account"; (4) that Davis breached its Agreement with BP by failing to make payment on its $302,146.99 obligation to BP; (5) that Davis was unjustly enriched in the amount of $302,146.99 by failing to pay BP under the terms of the parties' Agreement; and (6) that Davis unlawfully

refused to pay the $302,146.99 remaining due on its "book account." On June 17, 2003, Defendants filed an answer denying that BP had agreements with Defendant, and asserting a number of affirmative defenses.

On June 23, 2006, Plaintiff filed a Motion for Summary Judgment on its breach of contract claim, and, in the alternative, on its unjust enrichment claims. Plaintiff requests that the Court: (1) grant its Motion for Summary Judgment; (2) find that Defendants breached their respective contracts with BP by failing to pay for the fuel delivered to them; (4) find that BP is entitled to judgment against Waterloo in the amount of $893,724.39 together with interest and costs of suit; (5) find that BP is entitled to judgment against Davis in the amount of $302,146.99 plus interest and the costs of suit; and (6) provide such other relief as the Court deems just and equitable. Defendants have not responded to Plaintiff's Motion, and the time for filing the response has passed. The matter is now ripe for this Court's review.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the non-moving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). In response, the non-moving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40

(6th Cir. 1993) (citations omitted).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The Court also must interpret all reasonable inferences in the non-movant's favor. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the non-moving party and must refrain from making credibility determinations or weighing the evidence). The existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; however, there must be evidence from which the jury reasonably could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (finding summary judgment appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party").

## IV. ANALYSIS

### A. Breach of Contract Claims

There are four elements of a breach of contract claim: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *See Oglebay Norton Co. v. Armco, Inc.*, 556 N.E.2d 515 (Ohio 1990). Thus, as a threshold consideration, this Court must determine whether a valid agreement existed between the parties. Plaintiff asserts that it had agreements to deliver diesel fuel with both Waterloo and Davis, but in the answer, Defendants denied that such an agreement exists.

The elements of a contract are, "an offer and acceptance, supported by valid consideration."

*Kostelnik v. Helper*, 770 N.E.2d 58 (Ohio 2002). Acceptance may be expressed by "word, sign, writing, or act." *Nilavar v. Osborn*, 711 N.E.2d 726, 733 (Ohio App. 1998) (citing 17 OHIO JURISPRUDENCE 3d (1980) 463, Contracts, Section 30); *see also Sashti, Inc. v. Glunt Ind., Inc.*, 140 F. Supp. 2d 813, 816 (N.D. Ohio 2001). Plaintiffs claim that even if there was no formal agreement, an agreement can be implied by BP's long-standing business relationship with both Waterloo and Davis.

It is a fundamental tenet of contract law that a legally binding contract can be implied "from the circumstances and conduct of the parties." *Contship Containerlines, Inc. v. Howard Industries, Inc.*, 309 F.3d 910, 912-13 (6th Cir. 2002). In "circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract," a contract implied in fact arises. *Luithly v. Cavalier Corp.,* 1999 WL 357791, at *3 (6th Cir. May 20, 1999). "An implied-in-fact contract is one that is 'founded upon a meeting of minds which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances.' " *Conglomerated Hosts, Ltd.. v. Jepco, Inc.,* 1992 WL 19478, at *5 (6th Cir. Feb. 5, 1992). "Hence, the distinctive feature of an implied-in-fact contract is that it is implied from conduct and circumstances; aside from this there is no difference between an express contract and an implied contract." *Id*. at *6.

The record suggests that an implied contract exists between BP and the Defendants. BP had a long-standing business relationship with both Defendants. BP began delivering diesel fuel to Waterloo in July 1987, and to Davis in October 1989. From 1989 through the May to August 2002 time period at issue in the Complaint, Defendants consistently agreed to the delivery of and payment for BP's diesel fuel. *See* Giomini Aff.; *see* Pl.'s Ex.'s A and B ("Waterloo Account Statement" and

"Davis Account Statement"). Defendants have not disputed the veracity of the evidence set forth by Plaintiff, or alleged any irregularity in the billing for the delivered fuel, and have failed to set forth a genuine issue of material fact to dispute Plaintiff's assertions. Thus, the Court finds that Plaintiff has established that Defendants breached their implied contracts with BP, and **GRANTS** Plaintiff's motion for summary judgment on counts one and four of the Complaint.

### B. Unjust Enrichment

In granting Plaintiff's motion as to its breach of contract claims, the Court need not consider Plaintiff's alternative motion for summary judgment on its unjust enrichment claims.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment as to counts one and four of the Complaint. Accordingly, the Court finds Plaintiff entitled to judgment against Defendant Waterloo in the amount of $893,724.39 plus interest and the costs of suit, and to judgment against Defendant Davis in the amount of $302,136.99 plus interest and the costs of suit.

**IT IS SO ORDERED.**

          s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 22, 2006**